IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOSEPH L. SMITH                                                                                       PLAINTIFF
ADC #176381

v.                                           3:20-cv-00342-DPM-JJV

KEITH BOWERS, *et al.*                                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.      INTRODUCTION**

Joseph L. Smith ("Plaintiff"), incarcerated at the Craighead County Detention Center (the "Detention Center"), filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) Plaintiff sued Detention Center Administrator Keith Bowers, Assistant Administrator Toni Raymond, and

Craighead County Sheriff Marty Boyd in their personal and official capacities. (*Id*. at 1-2.) Plaintiff did not, however, make any specific factual allegations against any Defendant. Rather, he made general Covid-19 related allegations. (*Id*. at 4-5). In his statement of claim, Plaintiff alleged that on August 17, 2020, all inmates in Pod S-1 tested positive for Covid-19. He alleged the same guards enter the quarantine pods, the positive pods, and the negative pods, thus exposing inmates to the virus. (*Id*. at 4.) Plaintiff claimed all inmates were exposed to Covid-19 before they were given masks. (*Id*.) He also said he tested negative for Covid-19 on August 19, 2020, only to test positive on August 30, 2020. (*Id*.) He maintains there is no room in the cells or pods for social distancing. (Doc. No. 2 at 4-5.) He also alleged cross contamination caused by using the same cleaning materials in multiple cells. (*Id*. at 5.) Plaintiff seeks damages. (*Id*. at 6.)

## II. SCREENING

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed

facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. PLAINTIFF'S COMPLAINT

As a part of the screening process, on November 9, 2020 I notified Plaintiff that his Complaint, as currently pled, failed to state a claim upon which relief may be granted. (Doc. No. 6.) I also explained to Plaintiff the deficiencies in his Complaint. (*Id*. at 4-5.) Plaintiff was given thirty (30) days to cure the Complaint's defects by filing a superseding Amended Complaint; a blank 42 U.S.C. § 1983 was mailed to him. (*Id*. at 8.) Plaintiff was cautioned that if he did not file an Amended Complaint within thirty (30) days, his Complaint could be dismissed without prejudice. (*Id*. at 8-9.) Plaintiff has not filed an Amended Complaint and the time for doing so has passed.

Plaintiff's Complaint is deficient. Plaintiff sued Defendants in their personal and official capacities. (Doc. No. 2 at 1-2.) As to Plaintiff's official capacity claims, he has not alleged that a policy, custom, or failure to train was the moving force behind his alleged injury. (*Id*. at 4-5.) Accordingly, Plaintiff failed to state an official capacity claim against Defendants. *See Corwin v. City of Independence, Missouri,* 829 F.3d 695, 699 (8th Cir. 2016) (*citing Monnell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)).

As to his personal capacity claims, Plaintiff brought suit under 42 U.S.C. § 1983. To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*,

909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff named multiple Defendants, but he made no specific factual allegation against any of them. (Doc. No. 2.) Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff did not specify individual action on the part of any Defendant, his personal capacity claims fail.

Plaintiff was warned of the deficiencies in his Complaint, and I explained to him what any Amended Complaint should include to cure the deficiencies. (Doc. No. 6 at 4-6.) Yet Plaintiff has not filed an Amended Complaint. Because Plaintiff has not cured the defects in his Complaint, his Complaint should be dismissed for failure to state a claim as explained above.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 11th day of December 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE